## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

DEFENDERS OF WILDLIFE,

          *Plaintiff,*

   v.

U.S. FISH & WILDLIFE SERVICE,

          *Defendant*,

   and

CHARLES RIVER LABORATORIES
INTERNATIONAL, INC.,

          *Proposed Intervenor-Defendant.*

Civ. No. 2:20-cv-3657-BHH

### UNOPPOSED MOTION OF CHARLES RIVER LABORATORIES INTERNATIONAL, INC. FOR LEAVE TO INTERVENE AS DEFENDANT

Pursuant to Federal Rule of Civil Procedure 24, Charles River Laboratories International, Inc. ("Charles River") moves this Court for leave to intervene in this proceeding as a defendant. Charles River seeks intervention as of right under Rule 24(a)(2) or, in the alternative, permissive intervention under Rule 24(b)(1) so that it may participate fully in this matter.

Charles River has conferred with counsel for the parties. Plaintiff Defenders of Wildlife ("Defenders") consents to this Motion. Defendant U.S. Fish & Wildlife Service (the "Service") takes no position on this Motion to Intervene.

Pursuant to Rule 24(c), Charles River states the following as grounds for this Motion:

1.     This matter concerns the commercial collection of horseshoe crabs from Cape Romain National Wildlife Refuge ("Refuge"), which Defenders alleges negatively impact certain bird and turtle species. Compl. ¶¶ 100, 112, 114, 118, 121, 125. Asserting that the Service has

not complied with federal law in allowing the harvest to occur, Defenders seeks declaratory relief and an order enjoining horseshoe crab harvesting on the Refuge until the Service remedies the alleged violations of the National Wildlife Refuge System Improvement Act, Endangered Species Act, and Migratory Bird Treaty Act. Compl. ¶¶ 4–7. If granted, this requested relief would directly and adversely affect Charles River, as the temporary harvest of horseshoe crabs from the Refuge for the non-lethal collection of their blood is essential to the manufacture and safety testing of pharmaceutical drugs, vaccines, and medical devices, which are a cornerstone of Charles River's business.

2.      As fully explained in the accompanying Memorandum of Law, Charles River satisfies each of the requirements for intervention as of right: (i) this Motion is timely, (ii) Charles River has significant scientific and economic interests in the harvest of horseshoe crabs from the Refuge, (iii) Charles River's ability to protect those interests will likely be impaired by a denial of intervention, as this lawsuit concerns the lawfulness of horseshoe crab harvesting on the Refuge and seeks to enjoin the activity, and (iv) the present parties do not adequately represent Charles River because their interests are generally adverse to Charles River's interest .

3.      Charles River also readily meets the requirements for permissive intervention because (i) this Motion was promptly filed, (ii) the lawsuit affects its interests in horseshoe crab harvesting, and (iii) intervention will not cause any delay or prejudice to the current parties.

For the reasons discussed herein and in the accompanying Memorandum of Law, Charles River respectfully requests that the Court grant this Motion to Intervene. Charles River attaches its answers to the Rule 26.01 interrogatories and proposed Answer and Affirmative Defenses to the Complaint.

Dated: January 17, 2021
       Beaufort, South Carolina

TWENGE + TWOMBLEY LAW FIRM

By: _____
       J. Ashley Twombley (Federal ID #9388)
       Lee Anne Walters (Federal ID #10243)
       311 Carteret Street
       Beaufort, SC 29902
       Tel.: (843) 982-0100
       Fax: (843) 982-0103
       twombley@twlawfirm.com
       lwalters@twlawfirm.com

       Julius M. Redd (*pro hac vice* to be filed)
       W. Parker Moore (*pro hac vice* to be filed)
       BEVERIDGE & DIAMOND, P.C.
       1900 N Street, NW, Suite 100
       Washington, D.C.  20036
       Tel.: (202) 789-6000
       Fax: (202) 789-6190
       jredd@bdlaw.com
       pmoore@bdlaw.com

       *Attorneys for Proposed Intervenor Charles*
       *River Laboratories International, Inc.*