**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br><br>   *Plaintiff,*<br><br> v.<br><br>U.S. FISH & WILDLIFE SERVICE,<br><br>   *Defendant,*<br><br> and<br><br>CHARLES RIVER LABORATORIES<br>INTERNATIONAL, INC.,<br><br>   *Proposed Intervenor-Defendant.* | Civ. No. 2:20-cv-3657-BHH |

**PROPOSED INTERVENOR-DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 24(c), Charles River Laboratories International, Inc. ("Charles River") respectfully submits this Answer and Affirmative Defenses to Plaintiff Defenders of Wildlife's ("Defenders") Complaint in the above-captioned matter.

**ANSWER**[1]

1. As Paragraph 1 characterizes the Complaint, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. Paragraph 1 also contains conclusions of law to which no response is required.

---

[1] To the extent the headings and subheadings in the Complaint contain factual allegations that require a response, Charles River denies them.

2.      Charles River denies that Cape Romain National Wildlife Refuge ("Refuge") was established as a sanctuary and admits the remaining allegations in the first sentence of Paragraph 2. Charles River admits the allegations in the second sentence of Paragraph 2, apart from the assertion that any species habitat that may occur at the Refuge is irreplaceable. Charles River denies that the Refuge is only 66,000 acres and admits the remaining allegations in the third sentence of Paragraph 2. Charles River denies the allegations in the fourth sentence of Paragraph 2, as nearly 300 species of migratory and resident birds reportedly have been recorded at least once—but do not necessarily live—within the Refuge. Charles River admits the last sentence of Paragraph 2.

3.      Charles River admits only that the collection of horseshoe crabs on the Refuge occurs on a yearly basis when horseshoe crabs spawn in the intertidal zones of islands in the Refuge. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.      Paragraph 4 asserts conclusions of law to which no response is required. To the extent the Paragraph states factual allegations, Charles River denies them.

5.      Paragraph 5 asserts conclusions of law to which no response is required. To the extent the Paragraph states factual allegations, Charles River denies them.

6.      Paragraph 6 asserts conclusions of law to which no response is required. To the extent the Paragraph states factual allegations, Charles River denies them.

7.      As Paragraph 7 characterizes the Complaint, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

8.      Paragraph 8 asserts conclusions of law to which no response is required.

9.      Paragraph 9 asserts conclusions of law to which no response is required.

10.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 10. The third sentence of Paragraph 10 asserts conclusions of law to which no response is required.

11.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of Paragraph 11.

12.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of Paragraph 12.

13.    Charles River admits the allegations in Paragraph 13.

14.    Paragraph 14 asserts conclusions of law to which no response is required.

15.    As Paragraph 15 quotes the National Wildlife Refuge System Improvement Act ("Refuge Improvement Act"), which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

16.    As Paragraph 16 characterizes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

17.    As Paragraph 17 quotes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

18.    As Paragraph 18 quotes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

19.    As Paragraph 19 quotes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

20.    As Paragraph 20 characterizes U.S. Fish & Wildlife Service ("Service") regulations and a federal district court opinion, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

21.    As Paragraph 21 characterizes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

22.    Paragraph 22 asserts conclusions of law to which no response is required.

23.    As Paragraph 23 characterizes the Refuge Improvement Act and Service regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

24.    As Paragraph 24 characterizes the Refuge Improvement Act and Service regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

25.    As Paragraph 25 characterizes Service regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

26.    As Paragraph 26 characterizes Service regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

27.    As Paragraph 27 quotes a U.S. Supreme Court opinion and the Endangered Species Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

28.    As Paragraph 28 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

29.    As Paragraph 29 characterizes the Endangered Species Act, its implementing regulations, and federal court decisions, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

30.    As Paragraph 30 characterizes the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

31.    As Paragraph 31 characterizes the regulations implementing the Endangered Species Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

32.    As Paragraph 32 characterizes the federal court decisions, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

33.    As Paragraph 33 characterizes the regulations implementing the Endangered Species Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

34.    As Paragraph 34 characterizes the Endangered Species Act and federal court decisions, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

35.    As Paragraph 35 characterizes the regulations implementing the Endangered Species Act and federal court decisions, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

36.    As Paragraph 36 characterizes the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

37.    As Paragraph 37 characterizes the regulations implementing the Endangered Species Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

38.    As Paragraph 38 characterizes the Endangered Species Act and a federal court decision, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

39.    As Paragraph 39 quotes the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

40.    As Paragraph 40 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

41.    As Paragraph 41 characterizes a Senate Report and a U.S. Supreme Court opinion, which speak for themselves and are the best evidence of their contents, the allegations therein require no response. Paragraph 41 further asserts conclusions of law to which no response is required.

42.    As Paragraph 42 characterizes U.S. Supreme Court opinions, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

43.    As Paragraph 43 characterizes the Convention for the Protection of Migratory Birds and Act of July 3, 1918, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

44.    As Paragraph 44 characterizes certain Conventions, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

45. As Paragraph 45 characterizes the regulations implementing the Migratory Bird Treaty Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

46. As Paragraph 46 quotes the Migratory Bird Treaty Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

47. As Paragraph 47 characterizes the regulations implementing the Migratory Bird Treaty Act and a federal district court decision, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

48. As Paragraph 48 characterizes the Migratory Bird Treaty Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

49. Charles River admits the allegations in Paragraph 49.

50. As Paragraph 50 characterizes and quotes the South Carolina Administrative Code, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

51. As Paragraph 51 characterizes Proclamation No. 2000 and the Migratory Bird Conservation Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

52. As Paragraph 52 characterizes a Service publication, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent Paragraph 52 contains factual allegations that require a response, Charles River admits them.

53. As Paragraph 53 characterizes a lease between the State of South Carolina and the Service, which speaks for itself and is the best evidence of its contents, the allegations therein

require no response. To the extent that Paragraph 53 contains factual allegations that require a response, Charles River admits them.

54.     Charles River admits only that certain waters and waterbottoms in the Refuge are leased to the Service pursuant to the 1991 Lease. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, as it is not clear what portion of the 30,000 acres granted by South Carolina are lands uncovered by water at mean low tide.

55.     Charles River admits the first sentence in Paragraph 55. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 55.

56.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 56. As the second sentence of Paragraph 56 characterizes a Service publication, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

57.     As Paragraph 57 cites to the Comprehensive Conservation Plan, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 57 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

58.     As Paragraph 58 cites to the Comprehensive Conservation Plan and the regulations implementing the Migratory Bird Treaty Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response. To the extent that Paragraph 58 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

59.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of Paragraph 59.

60.     As the first three sentences of Paragraph 60 describe a letter and memorandum from Refuge Manager Sarah Dawsey, which speak for themselves and are the best evidence of their contents, the allegations therein require no response. As the last sentence of Paragraph 60 characterizes the regulations implementing the Migratory Bird Treaty Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

61.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.     Charles River admits only that the rufa red knot (*Calidris canutus rufa*) is a small shorebird. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62.

63.     As Paragraph 63 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 63 contains factual allegations that require a response, Charles River admits them.

64.     As Paragraph 64 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 64 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

65.     As Paragraph 65 quotes a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

66.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of Paragraph 66.

67.    Charles River admits only that the piping plover (*Charadrius melodus*) is a migratory shorebird. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68.    As Paragraph 68 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 68 contains factual allegations that require a response, Charles River denies that the piping plover was added to the endangered and threatened species lists in 1985, as the effective date of the final rule listing the species was in 1986.

69.    As Paragraph 69 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

70.    Charles River admits only that the scientific name of the loggerhead sea turtle is *Caretta caretta*. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.    As Paragraph 71 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 71 contains factual allegations that require a response, Charles River admits them.

72.    As Paragraph 72 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 72 contains factual allegations that require a response, Charles River admits them.

73.    As Paragraph 73 cites to a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

74.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.    Charles River denies the allegations in Paragraph 75.

76.    Charles River denies the allegations in Paragraph 76 to the extent they suggest that, for all shorebird populations, human disturbance is the primary cause of decline.

77.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.    As Paragraph 82 quotes the Comprehensive Conservation Plan, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

83.    As Paragraph 83 cites to Service regulations and a letter from Refuge Manager Dawsey, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

84.    As Paragraph 84 quotes two letters from Refuge Manager Dawsey, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

85.    Charles River admits the allegations in the first sentence of Paragraph 85. Charles River denies the allegations in the second sentence in Paragraph 85.

86.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 87. Charles River denies the allegations in the second sentence of Paragraph 87, as the horseshoe crabs are returned to their natural habitat after a measured amount of blood is collected. Charles River admits the allegations in the third sentence of Paragraph 87, except to the extent it implies that the synthetic alternative has been approved by the relevant regulatory authorities for all uses, is as effective as limulus amebocyte lysate derived from horseshoe crab blood, and is currently economically viable. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 87.

88.    Charles River admits the allegations in Paragraph 88.

89.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.    As Paragraph 90 characterizes an email from Federal Wildlife Officer Ryan Wagner to Refuge Manager Dawsey, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that Paragraph 90 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

91.    As Paragraph 91 characterizes emails from Federal Wildlife Officer Wagner to Refuge Manager Dawsey, which speak for themselves and are the best evidence of their

contents, the allegations therein require no response. To the extent a response is required, Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 92. Charles River denies the allegations in the third sentence of Paragraph 92.

93.    Charles River admits the first sentence of Paragraph 93. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 93.

94.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.    As Paragraph 95 characterizes an undated photograph, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

96.    As the first two sentences in Paragraph 96 characterize a letter from Refuge Manager Dawsey, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 96. The fourth sentence in Paragraph 96 asserts conclusions of law to which no response is required.

97.    As the first sentence of Paragraph 97 characterizes a memorandum by Refuge Manager Dawsey and a special use application and permit, which speak for themselves and are the best evidence of their contents, the allegations therein require no response. Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 97.

13

98.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.     Charles River denies the allegations in Paragraph 100.

101.     As Paragraph 101 characterizes Federal Register notices, which speak for themselves and are the best evidence of their contents, the allegations therein require no response. To the extent Paragraph 101 contains factual allegations that require a response, Charles River admits them.

102.     As Paragraph 102 characterizes a Federal Register notice and an article, which speak for themselves and are the best evidence of their contents, the allegations therein require no response. To the extent Paragraph 102 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

103.     As Paragraph 103 characterizes a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent Paragraph 103 contains factual allegations that require a response, Charles River denies them as horseshoe crab eggs are not the sole food source for red knots.

104.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 104. Charles River denies the allegations in the second sentence of Paragraph 104.

105.     As Paragraph 105 quotes a study, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

14

106.    As Paragraph 106 cites to a study, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent Paragraph 106 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

107.    As the first sentence in Paragraph 107 quotes a study, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. Charles River denies the allegations in the second sentence of Paragraph 107.

108.    Charles River denies the allegations in Paragraph 108.

109.    Charles River denies the allegations in Paragraph 109.

110.    Charles River denies the allegations in Paragraph 110.

111.    Charles River denies the allegations in Paragraph 111.

112.    Charles River denies the allegations in Paragraph 112.

113.    Charles River denies the allegations in Paragraph 113.

114.    Charles River denies the allegations in Paragraph 114.

115.    Charles River denies the allegations in Paragraph 115.

116.    As the first sentence in Paragraph 116 characterizes a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. Charles River denies the allegations in the second sentence of Paragraph 116.

117.    To the extent Paragraph 117 suggests that a permit is required for horseshoe crab harvesting activities, it asserts conclusions of law to which no response is required. Charles River does not have knowledge or information sufficient to form a belief as to the truth of any factual allegations in Paragraph 117.

118.    The first sentence of Paragraph 118 asserts conclusions of law to which no response is required. To the extent the first sentence of Paragraph 118 asserts factual allegations that require a response, Charles River denies them. As the second sentence in Paragraph 118 describes the results of a study, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent the second sentence of Paragraph 118 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

119.    Charles River denies the allegations in the first and last sentence in Paragraph 119. As the remaining allegations in Paragraph 119 describe the findings in the 5-Year Review for the piping plover, which speaks for itself and is the best evidence of its contents, they require no response.

120.    As the second sentence characterizes a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. Charles River denies the remaining allegations in Paragraph 120.

121.    Charles River denies the allegations in the first sentence of Paragraph 121. As the second sentence of Paragraph 121 speculates as to where harvesting and nesting may occur, Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

122.    Charles River admits only that loggerhead sea turtles at times eat horseshoe crabs, even though it is not their primary source of food. Charles River denies the remaining allegations in Paragraph 122.

123.    Charles River denies the allegations in Paragraph 123.

124.    Charles River denies the allegations in the first sentence of Paragraph 124 to the extent that it implies that horseshoe crab harvesters are reducing the quality of loggerhead sea turtle nesting habitat and causing species to reject habitat that would otherwise be suitable. Charles River otherwise does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 124. Charles River denies the allegations in the second sentence of Paragraph 124.

125.    Charles River denies the allegations in Paragraph 125.

126.    Charles River denies the allegations in Paragraph 126.

127.    Charles River denies the allegations in the first and last sentence of Paragraph 127. As the second and third sentences of Paragraph 127 cite to the Comprehensive Conservation Plan, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that the second and third sentences of Paragraph 127 contain factual allegations that require a response, Charles River denies the suggestion that these impacts may be caused by horseshoe crab harvesters and otherwise does not have knowledge or information sufficient to form a belief as to their truth.

128.    Charles River denies the allegations in Paragraph 128.

129.    As the first sentence in Paragraph 129 cites to the Comprehensive Conservation Plan, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that the first sentence of Paragraph 129 contains factual allegations that require a response, Charles River denies the suggestion that these impacts may be caused by horseshoe crab harvesters and otherwise does not have knowledge or information sufficient to form a belief as to their truth. Charles River denies the allegations in the second sentence in Paragraph 129.

130.     As the second sentence in Paragraph 130 cites to the Comprehensive Conservation Plan, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. To the extent that the second sentence of Paragraph 130 contains factual allegations that require a response, Charles River does not have knowledge or information sufficient to form a belief as to their truth. Charles River denies the remaining allegations in Paragraph 130.

131.     Charles River denies the allegations in Paragraph 131.

132.     Charles River denies the allegations in Paragraph 132.

133.     In response to Paragraph 133, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

134.     Paragraph 134 asserts conclusions of law to which no response is required.

135.     Paragraph 135 asserts conclusions of law to which no response is required.

136.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

137.     Paragraph 137 asserts conclusions of law to which no response is required.

138.     In response to Paragraph 138, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

139.     As Paragraph 139 characterizes Service regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

140.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.     Paragraph 141 asserts conclusions of law to which no response is required.

142.    In response to Paragraph 142, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

143.    As Paragraph 143 characterizes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

144.    As Paragraph 144 characterizes the Refuge Improvement Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

145.    As Paragraph 145 characterizes Proclamation No. 2000, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

146.    Charles River denies the allegations in Paragraph 146.

147.    Charles River denies the allegations in Paragraph 147.

148.    Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 148. Charles River denies the allegations in the second sentence of Paragraph 148.

149.    Paragraph 149 asserts conclusions of law to which no response is required. To the extent that Paragraph 149 contains factual allegations, Charles River does not have knowledge or information sufficient to form a belief as to their truth.

150.    Paragraph 150 asserts conclusions of law to which no response is required.

151.    In response to Paragraph 151, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

152.    As Paragraph 152 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

153.    As Paragraph 153 characterizes the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

154.    Paragraph 154 asserts conclusions of law to which no response is required.

155.    Paragraph 155 asserts conclusions of law to which no response is required.

156.    In response to Paragraph 156, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

157.    As Paragraph 157 characterizes the regulations implementing the Endangered Species Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

158.    As the first sentence in Paragraph 158 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response. Charles River admits only that the Service has listed the red knot, classified loggerhead sea turtles into a distinct population segment, and designated loggerhead sea turtle critical habitat since 2010. Charles River otherwise does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 158.

159.    Paragraph 159 asserts conclusions of law to which no response is required.

160.    Paragraph 160 asserts conclusions of law to which no response is required.

161.    In response to Paragraph 161, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

162.    As Paragraph 162 characterizes the Endangered Species Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

163.     As Paragraph 163 characterizes the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

164.     As Paragraph 164 characterizes a Federal Register notice, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

165.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.

166.     Charles River denies the allegations in Paragraph 166.

167.     Charles River denies the allegations in Paragraph 167.

168.     Paragraph 168 asserts conclusions of law to which no response is required.

169.     Charles River does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170.     Paragraph 170 asserts conclusions of law to which no response is required.

171.     In response to Paragraph 171, Charles River repeats and incorporates each of its answers to the Complaint as if set out in full below.

172.     As Paragraph 172 characterizes the Migratory Bird Treaty Act, which speaks for itself and is the best evidence of its contents, the allegations therein require no response.

173.     As Paragraph 173 characterizes the regulations implementing the Migratory Bird Treaty Act, which speak for themselves and are the best evidence of their contents, the allegations therein require no response.

174.     Charles River admits the allegations in Paragraph 174.

175.     Charles River denies the allegations in Paragraph 175.

176.     Paragraph 176 asserts conclusions of law to which no response is required.

177.    Charles River denies that Plaintiff Defenders is entitled to the relief sought in subparagraphs 1 through 10 of Relief Requested, for the reasons stated above.

## AFFIRMATIVE DEFENSES

178.    Defenders has failed to state a claim upon which relief can be granted.

179.    The Court lacks jurisdiction over some or all of Defenders' claims.

180.    Defenders' claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

181.    Defenders lacks standing with respect to one or more of the claims set forth in the Complaint.

182.    Defenders' claims are barred in whole or in part by the applicable statute of limitations.

183.    Charles River reserves the right to assert additional defenses not raised herein which it may become aware through disclosure, further investigation, or otherwise, and reserves the right to amend or supplement its Answer to the Complaint to assert any other defenses.

WHEREFORE, Charles River respectfully requests that this Court enter judgment in favor of the Service and Charles River and against Defenders on all claims, along with all such further relief as this Court deems just and proper.

Dated: January 17, 2021
        Beaufort, South Carolina

TWENGE + TWOMBLEY LAW FIRM

By: _____

J. Ashley Twombley (Federal ID #9388)
Lee Anne Walters (Federal ID #10243)
311 Carteret Street
Beaufort, SC 29902
Tel.: (843) 982-0100
Fax: (843) 982-0103
twombley@twlawfirm.com
lwalters@twlawfirm.com

Julius M. Redd (*pro hac vice* to be filed)
W. Parker Moore (*pro hac vice* to be filed)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, D.C.  20036
Tel.: (202) 789-6000
Fax: (202) 789-6190
jredd@bdlaw.com
pmoore@bdlaw.com

*Attorneys for Proposed Intervenor Charles
River Laboratories International, Inc.*