# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendant. <br><br> And <br><br> CHARLES RIVER LABORATORIES INTERNATIONAL, INC., <br><br> Intervenor-Defendant, | No.: 2:20-cv-3657-BHH <br><br> MOTION TO INTERVENE OF STATE OF SOUTH CAROLINA, EX REL ALAN WILSON, ATTORNEY GENERAL AND SOUTH CAROLINA DEPARTMENT OF ADMINISTRATION AND REQUEST THAT COURT DEFER RULING ON PRELIMINARY INJUNCTION MOTION |

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the State of South Carolina ex rel Alan Wilson, Attorney General, and the South Carolina Department of Administration move to intervene in this case as a matter of right or, in the alternative, permissively. See Fed. R. Civ. P. 24(a)–(b). To the extent that Rule 19, FRCP permits these movants to move to be joined as parties, they do so. They also request that this Court defer ruling on the Motion for Preliminary Injunction (ECF No. 29), until this Court has ruled on this Motion to Intervene, and if granted, that this Court allow the State and the Department of Administration the opportunity to respond to the Motion for Preliminary Injunction. For the reasons discussed below, the Court should grant this motion and the related requests.

# INTERVENTION AS OF RIGHT

Under Federal Rule of Civil Procedure 24(a), on timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Court has applied these requirements to motions to intervene as of right:

> To intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co., 349 F. Supp. 2d 934, 937 (D. Md. 2004).

*Park v. McCabe Trotter & Beverly, P.C.*, No. 2:17-CV-657-RMG, 2018 WL 3543526, at *2 (D.S.C. July 23, 2018). The State and the Department of Administration meet these standards.

## 1

## This Motion is Timely

Under either method of intervention, the intervention must be timely. *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989) ("Both intervention of right and permissive intervention require timely application."). To determine whether an application for intervention is timely, the Fourth Circuit has outlined the following factors: how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene. *Gould v. Alleco,* Inc., 883 F.2d 281, 286 (4th Cir. 1989).

*S.C. Coastal Conservation League v. Pruitt,* No. 18-CV-330-DCN, 2018 WL 2184395 (D.S.C. May 11, 2018) at p. 8). Because the plaintiff filed its Motion for a Preliminary Injunction in this Court just last month this motion undoubtedly is timely under either method of intervention in

that the Attorney General, who brings this suit on behalf of the State of South Carolina, just learned of this suit yesterday. Although the Department of Administration was informed of the suit earlier, the preliminary injunction motion to enjoin harvesting was just filed last month. The intervention is also timely in that Charles River Laboratories intervened less than three months ago. ECF No. 22. Moreover, intervention is timely now because the Plaintiff had notice of the State's interests at the outset of this suit and failed to name the State as a party.

The first attachment to the Complaint is a lease between the State and the U.S. Fish and Wildlife Service that expressly reserves taking of harvesting of salt water species to the State. ECF 1-1. The Motion to Dismiss of the Service filed over three months ago quotes from the lease stating that it is "[s]ubject to . . . the right of the State of South Carolina to authorize the taking of shellfish, finfish and other salt water species within the refuge boundary." ECF 16 at p. 2. The Motion states in its first sentence that "the State of South Carolina, not the [Service] . . . authorizes the taking of shellfish . . . and other saltwater species within the . . . Refuge boundary, including horseshoe crabs." *Id.* at p. 1. " The Motion specifically states that "the authorization of harvests from fisheries . . . including the harvest of horseshoe crabs, are the jurisdiction of the State of South Carolina." *Id*. "Under the terms of the lease between the State and the United States, it is the state of South Carolina that retains authority over salt water species within the Refuge boundaries." *Id.* at p. 27. "Plaintiffs discontent with the allowance of horseshoe crab harvests on the Refuge should lie with the State, not the Service." *Id.* at p. 2.

Surprisingly, despite notice of this argument months ago and reliance on the lease as their first exhibit, Plaintiff has failed to name the State as a party to this suit. This Motion is timely because the delay in the State's being named a party is due to the inaction of the Plaintiff rather than the State of South Carolina. Moreover, joinder of the State is required under Rule 19,

3

FRCP.  *See infra,* Part 3.  As noted above, they move to be joined under this Rule to the extent that they have the authority to make such a motion when they are not yet parties.

**2**

**An interest in the subject matter of the underlying action**

"To support a right to intervene, the potential intervenor's interest in the dispute 'must be direct, rather than remote or contingent.'" *S.C. Coastal Conservation League v. Pruitt*, *supra*, at *8, citing *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993)."  The lease and the above discussion demonstrates the clear interest of the State and the Department of Administration, the successor to the Budget and Control Board (Act 121, 2014 S.C. Acts), but the interests do not stop there.  The State, itself, has a profound interest in the tidelands and waters of this State as has been recognized by numerous decisions of its Courts.  *See*, eg. *Hoyler v. State*, 428 S.C. 279, 292, 833 S.E.2d 845, 852 (Ct. App. 2019), reh'g denied (Oct. 17, 2019), cert. dismissed (Jan. 29, 2020) "Our State's tidelands are a precious public resource held in trust for the people of South Carolina."  Title to lands lying between the mean high water mark and mean low water mark is held by the State in trust for public purposes absent a grant from the State or the King of England.  *See Hobonny Club v. McEachern*, 272 S.C. 392, 252 S.E. 2d 133 (1979).  Moreover, the State's Constitution provides that its waters are public highways.  S.C. Const. art. XIV, § 4 ("All navigable waters shall forever remain public highways free to the citizens of the State . . . .").

In bringing this action for the State, Attorney General has a direct interest in the subject matter of this litigation and protecting the State's interests as the State's chief legal officer.  He "has broad statutory and common law authority in his capacity as the chief legal officer of the State . . . ." *Ex Parte, Charlie Condon, In re: Littlejohn v. State*, 354 S.C. 634, 583 S.E.2d 430,

434 (2003); *see also, Condon v. Hodges*, 349 S.C. 232, 562 S.E. 2d 623 (2002); *State ex rel Daniel v. Broad River Power Co.*, 157 S.C. 1, 562 S. E. 623 (2002). *Condon v. Hodges* cited *Porcher v. Cappelmann*, 187 S.C. 491, 198 S.E. 8 (1938) for the proposition that the "Attorney General represents sovereign power and general public." 562 S.E.2d at 627.

### 3

### Denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest

The above reasons demonstrate not only that the movants have an interest for purposes of intervention, their joinder is required under Rule 19 in that without them "the court cannot accord complete relief among the existing parties"(Rule 19(a)(1)(A)) and "disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest" (Rule 19(a)(1)(B)(i)). The granting of an injunction would stop horseshoe crab harvesting in the Refuge. Although Plaintiff disputes in its Motion for Preliminary Injunction that the lease deprives the State of authority to regulate the crab harvesting, the Service states in its response that under the reservation in the lease, "the State of South Carolina retained jurisdiction over the authorization of harvests from fisheries within the boundaries of the Refuge, including the harvest of horseshoe crabs." ECF No. 32 at p. 2. Clearly, a decision regarding this motion without the input of the State could impair the State's authority to protect its interests.

### 4

### The movants' interest is not adequately represented by the existing parties to the litigation

Although the Service has taken the position that the State has jurisdiction of the matter, it is a distinct party with its own set of interests and own role under the lease and federal law. Only the State and the Department of Administration have the authority to assert their own interests

5

under the lease and State and Federal law. Therefore, their interests cannot be adequately represented by the other defendants and intervention is required as a matter of right.

## PERMISSIVE INTERVENTION

Additionally, Federal Rule of Civil Procedure 24(b) provides that the Court may permit on timely motion, "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

> "Permissive intervention is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012). "Among the factors a Court should consider in passing upon a motion for permissive intervention includes (1) the timeliness of the motion; (2) the presence of a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the original parties." Id. (citing Backus v. S.C., No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012) ); *but see S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *3 (D.S.C. May 11, 2018) (adding a fourth prong that "there must be an independent ground of subject matter jurisdiction.") (citing *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co*., 223 F.R.D. 386, 387 (D. Md. 2004) ).

*S.C. Elec. & Gas Co. v. Whitfield*, No. 3:18-CV-01795-JMC, 2018 WL 3470660, at *3 (D.S.C. July 18, 2018).

The Movants meet these standards. As noted above, this motion is timely. The State's interests present common questions of law and fact. Intervention will not unduly delay or prejudice the parties. Although the Plaintiff has moved for a preliminary injunction, it did so just last month and has known since the outset of this case of the State's interest under the lease. Any claims of delay asserted by Plaintiff are due to its own failure to name the State.

## Attachment of Pleading

Rule 24(c) requires that the motion be accompanied by a pleading that sets out the the claim or defense under which intervention is sought. The State would propose the attached motion to dismiss that would include major parts of the Service's Motion, but also include the Tenth Amendment and State law. The State reserves the right to amend the Motion prior to filing, and include additional authority, but because time is of the essence in filing this Motion to Intervene, the State respectfully requests that the attached proposed motion and the arguments in the instant motion be accepted as meeting Rule 12(c) requirements. If this Court prefers that this Motion be accompanied by an Answer, then the State respectfully requests leave to submit one. Given that time is of the essence and that the Complaint is 40 pages and 176 paragraphs long, insufficient time exists to do a carefully prepared draft answer; however, the State anticipates that its answer would be similar to the one prepared by Charles River.

## REQUEST THAT PRELIMINARY INJUNCTION RULING BE DEFERRED AND THAT THE MOVANTS BE GIVEN LEAVE TO RESPOND TO MOTION

The State and the Department of Administration request that a ruling on the motion for preliminary injunction be deferred until after this Court rules on the Motion to Intervene and if granted, that the Court allow the State the opportunity to respond to the Preliminary Injunction Motion. This deferral is important to avoid impairing State interests before the State is given the opportunity to respond. As noted above, the Plaintiff would not be prejudiced because the Plaintiff is responsible for the time that has elapsed by failing to name the State despite knowledge of its interests from the outset of this suit.

## CONCLUSION

Based upon the foregoing, the State and the Department of Administration respectfully request that the Court enter an order granting their motion to intervene or join the State under Rule 19 and that the Court defer a ruling on the Preliminary Injunction Motion and allow them the opportunity to respond to it.

Respectfully submitted,

ALAN WILSON
Attorney General
Federal ID No.10457

ROBERT D. COOK
Solicitor General
Federal ID No. 285
Email: rcook@scag.gov

/s/ J. Emory Smith, Jr.
J. EMORY SMITH, JR.
Deputy Solicitor General
Federal ID No. 3908
Email: esmith@scag.gov

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677

Counsel for the State ex rel Wilson and
the Department of Administration

April 22, 2021

Local Civ. Rule 7.04 statement

Counsel has consulted with the other parties. Plaintiff Defenders of Wildlife opposes both intervention and any request to delay a ruling. The Federal Defendants take no position on the motion. Charles River does not object to the Motion.

April 22, 2021

/s/ J. Emory Smith, Jr.
J. EMORY SMITH, JR.
Deputy Solicitor General