IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE, | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| U.S. FISH AND WILDLIFE SERVICE, | ) | |
|     Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES RIVER LABORATORIES | ) | Civil Case No. 2:20-cv-03657-BHH |
| INTERNATIONAL, INC., | ) | |
|     Intervenor-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF SOUTH CAROLINA EX | ) | |
| REL ALAN WILSON, ATTORNEY | ) | |
| GENERAL, et al., | ) | |
|     Intervenor-Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Defenders of Wildlife respectfully requests that the Court enter an order dismissing this case without prejudice. Defendant United States Fish and Wildlife Service ("Service") has reconsidered its legal authority to regulate commercial horseshoe crab harvesting in Cape Romain National Wildlife Refuge ("Refuge"), issuing a memorandum on August 9, 2021 stating that a "Special Use Permit" is required for any commercial horseshoe crab harvesting in the Refuge beginning on August 15, 2021.[1] Because

---

[1] The Service's memorandum is attached hereto as Exhibit A. This action represents a significant change in position by the Service and is a voluntary action not required by the Court's preliminary injunction, which is currently stayed, *see* ECF No. 66. The Service has also posted this memorandum indicating its change in position on its website. *See* U.S. Fish & Wildlife Serv., Cape Romain National Wildlife Refuge, *Guidance regarding commercial activities*,

1

the Service has voluntarily granted Plaintiff much of the relief sought in this case, further prosecution is not in Plaintiff's interests and would waste the Court's and the parties' resources. For these reasons, Plaintiff moves the Court for an order of voluntary dismissal without prejudice.

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citation omitted). "A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001); *accord Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (voluntary dismissal allowed absent "substantial" prejudice to the defendant). The prejudice to defendant must flow "*from the dismissal of the suit*," not from the reason cited for the dismissal. *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1006 (N.D. Ill. 2003) (Posner, C.J., sitting by designation).

Neither the Service, Charles River Laboratories International, Inc. ("CRL"), nor the State of South Carolina ex rel. Alan Wilson, Attorney General, et al. ("State Intervenor-Defendants") will suffer any prejudice from the dismissal of this suit. To the contrary, the Service, CRL, and the State Intervenor-Defendants have all vigorously contested Plaintiff's right to litigate its claims, with the Service and CRL requesting dismissal, ECF No. 15; ECF No. 28-1 at 8, and the State Intervenor-Defendants filing a proposed motion to dismiss, ECF No. 46-1.

> The lack of prejudice to defendants is underscored by the voluntary dismissal factors.
>
> When determining whether a party has suffered plain legal prejudice such that Rule 41(a)(2) dismissal is [not] warranted, district courts should consider a number of factors, including '[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the

---

https://www.fws.gov/refuge/Cape_Romain/Guidance_regarding_commercial_activities.html (Aug. 9, 2021).

2

movant, [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation.'

*Wellin v. Wellin*, No. 2:13–cv–1831–DCN, 2014 WL 234216, at *10 (D.S.C. Jan. 22, 2014) (quoting *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 178–79 (4th Cir. 2008)). All four factors support dismissal here.

As to the first factor, the Service has not even filed an administrative record and this Court has not established a schedule for proceeding to the merits. While the parties have briefed various preliminary motions before this Court and the Fourth Circuit, these expenditures are relatively small compared to the cost of discovery and summary judgment. Even those more burdensome projects "could not, without more, be a basis for refusing to dismiss without prejudice." *Andes*, 788 F.2d at 1036 n.4. Moreover, CRL's expenses and the minimal expenses of the State Intervenor-Defendants flow from their *choice* to enter this case.

As to the second factor, Plaintiff promptly moved for voluntary dismissal one day after learning that the Service issued a memorandum requiring a special use permit for commercial horseshoe crab harvesting in Cape Romain and posted its change in position on its website. As to the third factor, the Service's voluntary action provides the same relief that this Court ordered in granting Plaintiff's motion for preliminary injunction, *see* ECF No. 55 at 28, *stayed pending appeal*, ECF No. 66, and makes the burden and expense of prosecuting this case no longer in Plaintiff's interests. Last, this case is still in its infancy, with no discovery underway or motion for summary judgment filed. That resolves the fourth factor in favor of dismissal. *See Riggleman v. Stevens*, No. 5:13–cv–2137, 2013 WL 958248, at *1 (S.D. W. Va. Feb. 20, 2013) (fourth factor focuses on "whether a motion for summary judgment is pending." (citation and quotations omitted)).

In short, dismissing this case will not prejudice any party, and all four Rule 41(a)(2) factors support dismissal. For these reasons, Plaintiff respectfully requests an order of voluntary dismissal without prejudice. *See S.L. v. City Hosp., Inc.*, No. 3:18–cv–162, 2020 WL 9264796, at *1 (N.D. W. Va. Nov. 19, 2020) ("Voluntary dismissal by court order is presumptively without prejudice.").[2]

This the 10th day of August, 2021.

/s/Catherine M. Wannamaker
Bar No. 12577
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, South Carolina 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
Email: cwannamaker@selcsc.org

/s/ Lindsay Dubin
*Pro Hac Vice*
Defenders of Wildlife
1130 17th Street NW
Washington, DC 20036
Telephone: (202) 772-3234
Email: ldubin@defenders.org

*Counsel for Plaintiffs Defenders of Wildlife*

---

[2] Plaintiff reserves the right to seek attorney's fees and costs after this case is dismissed.